## LIMITATIONS OF ACTIONS FOR RECOVERY OF TAX ASSESSMENTS.

Common Pleas Court of Hamilton County.

CITY OF CINCINNATI v. WILLIAM FOGARTY ET AL.

Decided, January. 23, 1913.

*Assessments—Character of Action for Recovery of—Application of the Statute of Limitations.*

An action for recovery of unpaid street assessments is an action upon a liability created by statute, and is therefore controlled by the six years statute of limitations.

*Otway J. Cosgrave* and *Wm. M. Tugman,* for Emil Hornberg.
*Pogue, Campbell & Groom,* for the treasurer.

DICKSON, J.

There are $4,375 proceeds of the sale of certain real estate in this court for distribution on motion. Of this sum $1,493.66 is claimed by the county treasurer for certain assessments. During argument it was agreed that $175.31 assessed against this real estate is for the appropriation of Reading road and wrongfully claimed by the treasurer under the decision in the case of *Norwood* v. *Baker,* 172 U. S., 269. This amount eliminated leaves $1,318.35 in dispute. This amount is for street assessments for the improvement of the Reading road. The first of the ten installments was due October 8, 1892, the last October

8, 1901, and all in the said sum of $1,318.85. All of these installments were duly certified to the county auditor.

The act of April 14, 1902, 95 O. L., 93, now Section 2667 of the General Code, in force, provides that no statute of limitations shall apply to actions by treasurers for the recovery of tax assessments. And this act also provides that it shall apply to all existing causes of action.

The issue is, which if any of the ten installments are barred by the statutes of limitation? And if barred by a statute of limitation, which statute, that of the six year or the ten year limitation?

Actions upon a liability created by statute are barred in six years.

The court is of the opinion that the cause of action here is upon a liability created by statute and is controlled by the six year statute.

While it is true this action is in the nature of relief in the marshaling of liens and in foreclosure by a treasurer, yet this will not prevent this action from being one upon a liability created by statute—six years rather than one for relief of ten years.

Section 3897 of the General Code provides that municipal assessments are payable by the owners personally, hence are a personal charge against the property owner.

And Section 3906 of the General Code provides that such assessments are a lien upon the property and remain so until collected.

The court is of the opinion that assessments may be collected—that is satisfied, extinguished by payment or by repose, and these sections do not militate against the statutes of limitation.

The court has not the amounts of the various installments barred and not barred, and requests counsel to ascertain the same and prepare the decree of distribution in accord with this opinion.